UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Docket No. 3:06CR21(EBB) |
| ANDRE HUDSON | : | |

RULING ON MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

Pending before the court is the motion of the defendant, Andre Hudson ("Hudson"), for retroactive application of the sentencing guidelines for crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a sentencing guideline range that has been subsequently lowered by the Sentencing Commission. Specifically, Hudson seeks resentencing under Amendment 706, which retroactively altered guideline § 2D1.1 to reduce the base offense levels that apply to crack cocaine offenses. Hudson maintains that pursuant to the Amendment he is entitled to a two-level reduction in his § 2D1.1 base offense level, which would result in a lower sentence. The government has not filed an opposition to Hudson's motion. Nonetheless, the court concludes that a sentence reduction is not authorized under § 3582(c)(2), because application of the Amendment would not have the effect of lowering his applicable guidelines sentencing range and accordingly denies his motion.

**FACTUAL BACKGROUND**

On May 11, 2006, Hudson pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), (B)(1)(a)(iii). Because Hudson had a prior felony drug conviction, the government filed a Second Offender Notice ("851 Notice") pursuant to 18 U.S.C. § 851, which

provides that the enhanced penalty provision of, *inter alia*, § 841(b)(1)(A),[1] may be imposed on a defendant with a prior felony drug conviction if the government files an information with the court stating in writing the previous conviction relied on.

After his guilty plea, the USPO prepared Hudson's PSR. The PSR calculated Hudson's base offense level under U.S.S.G. § 2D1.1 at 36, based on a stipulated drug quantity of between 500 grams and 1.5 kilograms of crack cocaine. Three levels were subtracted for acceptance of responsibility, which resulted in a total offense level of 33. Hudson was assigned a criminal history category ("CHC") VI. With a total offense level of 33 and a CHC VI, Hudson's guideline range was 235 to 293 months. However, in light of the 851 Notice, Hudson was subject to the statutory minimum 240-month term of imprisonment and thus the mandatory minimum became Hudson's guideline sentence pursuant to U.S.S.G. § 5G1.1(c) (providing that "[a] sentence may be imposed at any point within the applicable Guideline range, provided that the sentence ... (2) is not less than any statutorily required minimum sentence.").

Hudson was sentenced on June 21, 2007. The court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5k1.1 and 18 U.S.C. § 3553(e), and imposed a sentence of 108 months' imprisonment and 10 years supervised release.

## II. Section 3582(c)(2) and Amendment 706

In November 2007, the Sentencing Commission amended the Sentencing Guidelines to generally reduce by two levels the base offense levels of U.S.S.G. § 2D1.1(c), which apply to

---

[1] Under 21 U.S.C. § 841(b)(1)(A), the court is required to impose a mandatory minimum term of 240 months imprisonment on any defendant who possesses "50 grams or more of a mixture or substance . . . which contains cocaine base . . . [and] commits such a violation after a prior conviction for a felony drug offense." Coleman v. United States, 329 F.3d 77, 80 (2d Cir. 2003).

crack cocaine convictions.  See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).  While the Amendment was made retroactive, the district court is only authorized by 18 U.S.C. § 3582(c)(2) to resentence a defendant if resentencing is consistent with the Sentencing Commission's applicable policy statements.  The relevant policy statements permit a sentence reduction if the Amendment has the effect of lowering a defendant's applicable guideline sentencing range.  U.S.S.G. § 1B1.10(a).  Thus, even if the Amendment is applicable to a defendant, a sentence reduction is not authorized if it would "not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision* (*e.g., a statutory mandatory minimum term of imprisonment*)."  U.S.S.G. § 1B1.10 n.1(A) (emphasis added).  It is now settled that "the term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus."  United States v. Martinez, -- F.3d -- , No. 08-3454-®, 2009 WL 2004208, at *2 n.3 (2d Cir. July 13, 2009) (quoting and adopting United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) and holding that "to determine which Guideline a defendant's sentence is based on we look only to the end result of the overall calculus ....").

**III.  Determination of Whether a Reduction is Warranted**

Here, Hudson's original crack-cocaine guideline range of 235 to 293 months calculated by reference to the previous § 2D1.1 offense levels would be lower by virtue of the reduced § 2D1.1 offense levels, but neither the original guideline range nor the amended guideline range has any bearing on Hudson's sentence because Hudson was subject to the 240-month statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A).  See U.S.S.G. § 5G1.1.  Once the mandatory minimum applied, Hudson's sentence was no longer based on the guideline

range because that range was "subsumed and displaced" by the required statutory sentence. United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) (noting that the crack cocaine amendment affects only the guideline sentence, not the statutory sentence); United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008). Amendment 706 has no effect on a statutory mandatory minimum sentence and, thus, does not have the effect of lowering a defendant's applicable guideline range. Williams, 551 F.3d at 185 (holding that because the mandatory minimum applied, the defendant's sentence was no longer "based on a sentencing range that has subsequently been lowered by the Sentencing Commission.") (quoting 18 U.S.C. § 3582(c)(2)).

The fact that, but for his second offender status, Hudson's sentence would be based on the amended crack-cocaine guideline is of no relevance for purposes of a sentence reduction under Amendment 706. The simple fact is that Hudson's sentence was based on 21 U.S.C. § 841 (b)(1)(A), which Congress has not amended and which the Sentencing Commission has no authority to alter. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994). Thus, Hudson's sentence was not based on a guideline range that was subsequently lowered by the Sentencing Commission and the crack-cocaine amendment has no effect on his sentence. United States v. Williams, 551 F.3d at 185; 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2).

Even though Hudson's ultimate sentence was not the statutory minimum because the court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5k1.1 and 18 U.S.C. § 3553(e), his sentence was nonetheless based on the mandatory minimum and he is ineligible for a sentence reduction pursuant to Amendment 706. The Second Circuit has made it clear that when "considering the applicability of § 3852(c)(2) to the Guidelines determination underlying the original sentence, [the court] must look to the Guidelines sentence, i.e.[] the

4

statutory minimum sentence, from which the [court] departs pursuant to § 3553(e)." Williams, 551 F.3d at 187. "A motion by the government to depart from the statutory minimum sentence for substantial assistance does not affect 'the departure point' for the court's consideration under § 3852(c)(2), which remains the statutory minimum." United States v. Moore, No. 08-1538, 2009 WL 2137262 (2 Cir. July 16, 2009) (citing Williams, 551 F.3d at 187; United States v. Richardson, 521 F.3d 149, 159 (2d Cir. 2008)). Where the statutory minimum becomes the Guideline sentence under U.S.S.G. § 5G1.1, U.S.S.G. § 5K1.1 does not in and of itself authorize a district court to depart below a statutory minimum. Such a departure may only occur pursuant to a government motion made under 18 U.S.C. § 3553(e)." United States v. Ortiz, 551 F. Supp.2d 202, 208 (S.D.N.Y. 2008) (quoting Richardson, 521 F.3d at 159).

    Further, there is no merit to Hudson's argument that the court should resentence him to 82.7 months to reflect the same original 54% reduction from the low end of his pre-amendment guideline range of 235 to 293 months. He maintains that this reduce sentence is required by United States v. Kimbrough, 552 U.S. 85 (2007), to correct and eliminate the inequity in the crack guidelines, and asserts that, pursuant to Kimbrough, the Sentencing Commission's policy statement prohibiting a sentence reduction if an amendment does not have the effect of lowering an applicable guideline sentencing range is only advisory, not mandatory. The Second Circuit has rejected this argument. United States v. Savoy, 567 F.3d 71, 72-73 (2d Cir. 2009) (rejecting the argument that Booker and its progeny rendered the policy statements advisory rather than mandatory).

    Putting aside the fact that Hudson received a non-guidelines sentence below the statutory minimum pursuant to § 5K1.1 and § 3553(e), none of the limited circumstances set forth in 18

5

U.S.C. § 3582(c) are present and thus the court has no authority to modify or reduce his sentence. Poindexter v. United States, 556 F.3d 87, 89 (2d Cir. 2009); Williams, 551 F.3d at 186. As noted, because his sentence was based on the statutory minimum, a reduction in Hudson's sentence is not consistent with the applicable policy statement. Moreover, changes in law brought about by court decisions such as Kimbrough "may not be a basis for reduction of sentence under § 3582(c)(2)." Poindexter, 556 F.3d at 89.

**IV. Conclusion**

Because Hudson's sentence was not based on a sentencing range that was lowered by Amendment 706, a sentence reduction would not be consistent with the Commission's policy statements and this court does not have authority to resentence him. Accordingly, Hudson's motion pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 491] is DENIED.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2009 at New Haven, Connecticut